UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ZACHARIAH ADAM JINDRA,<br><br>Plaintiff,<br><br>vs.<br><br>YANKTON FPC WARDEN,<br><br>Defendant. | 4:21-CV-04124-RAL<br><br>OPINION AND ORDER DISMISSING PETITIONER'S PETITION |

On July 19, 2021, Zachariah Adam Jindra, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed his second petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. He moves for leave to proceed in forma pauperis. Doc. 2. In his first petition, this Court dismissed Jindra's petition for lack of subject matter jurisdiction and entered judgment against Jindra. See Jindra v. FPC Yankton, Warden, 4:21-CV-04113-RAL, Doc. 6 (July 12, 2021).

Generally, a district court screens petitions and dismisses the petition when it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241). A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Jindra brought his petition in the correct district in that he is imprisoned in Yankton, South Dakota. Doc. 1 at 1.

Jindra asks this Court to order the Bureau of Prisons (BOP) to apply his First Step Act (FSA) earned time credits and "convert [his] remaining sentence to the maximum amount of (1) supervised release and any remainder towards home confinement." Doc. 1 at 6. Under the FSA, time credits may be earned by eligible prisoners who successfully complete "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A). The Bureau of Prisons (BOP) has a phase-in period until January 15, 2022, to provide evidence-based recidivism programs and productive activities to *all* prisoners. Id. § 3621(h)(2) (emphasis added). In Holt v. Warden, this Court held that it cannot force the BOP to apply earned time credits toward prerelease custody before January 15, 2022. 2021 WL 1925503, at *5-6 (D.S.D. May 13, 2021). Thus, an inmate that seeks to have the Court compel the BOP to apply the credits before January 15, 2022, does not have standing and his/her petition must be dismissed for lack of subject matter jurisdiction. See id. Here, Jindra seeks to have the Court order the BOP to apply his earned time credits. Doc. 1 at 6. At this time, the Court cannot compel the BOP to apply earned time credits. Jindra's petition is dismissed for lack of subject matter jurisdiction.

Therefore, it is hereby

ORDERED that Jindra's motion for leave to proceed in forma pauperis, Doc. 2, is denied as moot. It is finally

ORDERED that Jindra's petition is dismissed for lack of subject matter jurisdiction.

DATED July 21st, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE